United States District Court
Southern District of Texas

**ENTERED**

July 22, 2026

Nathan Ochsner, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| Bernardo Valle Gaytan, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. 4:26-cv-3577 |
| | § | |
| Raymond Thompson, *et al.*,[1] | § | |
| | § | |
| Respondents. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Bernardo Valle Gaytan is a native and citizen of Mexico who unlawfully entered the United States in 2006. Docs. 1 ¶¶ 10 & 24, 1-1 at 2, 8 at 4, 8-1 at 2. On March 4, 2026, he was detained by the Department of Homeland Security pursuant to 8 U.S.C. § 1225(b)(2)(A), and he remains in the custody of Respondent, Warden of the Joe Corley Processing Center, in Conroe, Texas. Docs. 1 ¶ 13, 8-2 at 2. His removal proceedings remain pending. Docs. 1 ¶ 10, 8 at 4. Petitioner seeks a writ of *habeas corpus* under 28 U.S.C. § 2241 on the grounds that his present detention without a bond hearing violates (i) the Immigration and Nationality Act; (ii) substantive due process; (iii) procedural due process; (iv) the Administrative Procedure Act; (v) the Fourteenth Amendment's Equal Protection Clause; (vi) the Suspension Clause of Article I of the Constitution; and (vii) the

---

[1] The Petition names Bret Bradford in his official capacity as Field Office Director for United States Immigration Customs and Enforcement's Enforcement and Removal Operations for the Houston area. *See* Doc. 1 ¶ 27. Because Mr. Bradford ceased to hold office while this action remained pending, the Court substitutes his successor's name, Patrick Contreras. Fed. R. Civ. P. 25(d). The Clerk of Court is DIRECTED to update the docket sheet accordingly.

*Accardi*[2] Doctrine.

Now before the Court is Respondents' Motion to Dismiss and, in the Alternative, for Summary Judgment, Doc. 8, to which Petitioner has responded in opposition, Doc. 9. Respondents maintain that Petitioner is not entitled to a bond hearing because he is an "applicant for admission" under 8 U.S.C. § 1225(b)(2)(A) and is therefore subject to mandatory detention pending his removal proceedings. *See* Doc. 8; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

This Court has previously resolved the precise challenges raised by Petitioner, determining that the government may subject aliens awaiting a final removal order to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See Campos Bernal v. Frink*, 4:26-cv-2239, 2026 WL 1804234 (S.D. Tex. June 23, 2026). The Court held that for aliens such as Petitioner, pre-removal-order detention is both demanded by the Immigration and Nationality Act and a constitutionally permissible part of the removal process. *See id.* at *1, *4 (citing *Demore v. Kim*, 538 U.S. 510, 531 (2003)).

As such, Respondent's Motion for Summary Judgment is GRANTED, and the Petition for writ of *habeas corpus* is DENIED. This action is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to CLOSE this case. A final judgment will be entered separately.

---

[2] *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

**SO ORDERED.**

**SIGNED** at Houston, Texas, on the 22nd of July, 2026.

_____
Nicholas J. Ganjei
United States District Judge